**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**UNIVERSAL PACKING & GASKET COMPANY, Respondent.**

**No. 23419.**

United States Court of Appeals
Fifth Circuit.

June 29, 1967.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Eugene B. Granof, Atty., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Gary Green, Eugene B. Granof, Attys., N.L. R.B., Washington D. C., for petitioner.

**270**

H. L. Deakins, Jr., Robert S. Bambace, L. G. Clinton, Jr., Houston, Tex., Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, Tex., of counsel, for respondent.

Before THORNBERRY, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

The National Labor Relations Board here petitions for enforcement of its order issued against respondent, Universal Packing and Gasket Company, pursuant to section 10(e) of the National Labor Relations Act, as amended, 29 U.S.C. § 160(e). In its decision and order, 151 N.L.R.B. 1528, the Board sustained the trial examiner's determination that certain statements made by respondent's general manager to two newly hired employees constituted threats of reprisal proscribed by section 8(a)(1), 29 U.S.C. § 158(a)(1). Reversing the trial examiner, the Board further concluded that respondent's general manager had discharged an employee because of union activity in violation of section 8(a)(3), 29 U.S.C. § 158(a)(3). Respondent was accordingly ordered to cease and desist from such unlawful conduct and to refrain from infringing in any other manner upon protected employee activity. In addition, respondent was directed to post appropriate notices and to offer the discharged employee reinstatement together with back pay and interest.

As is prevalent in controversies of this nature, the record is replete with direct conflicts in testimony and numerous inconsistencies regarding exactly what was said and when. It is not our role, however, but rather that of the Board, to resolve factual discrepancies and any conflicting inferences to be drawn therefrom. NLRB v. Longhorn Transfer Serv., Inc., 5th Cir. 1965, 346 F.2d 1003, 1005; Martin Sprocket & Gear Co. v. NLRB, 5th Cir. 1964, 329 F.2d 417, 420; N.L.R.B. v. Transport Clearings, Inc., 5th Cir. 1962, 311 F.2d 519, 523. It is our duty to sustain the Board's determination if it is found to be supported by substantial evidence on the record considered in its entirety. NLRB v. Brown, 1965, 380 U.S. 278, 291, 85 S.Ct. 980, 983, 13 L.Ed.2d 839, 849; Universal Camera Corp. v. NLRB, 1951, 340 U.S. 474, 71 S.Ct. 476, 95 L.Ed. 456.

A careful review of the record as a whole, including that body of evidence opposed to the Board's determination, convinces us that the decision in this case satisfies the substantial-evidence criterion. This being so, we are not free to deny enforcement simply because the evidence may also reasonably support other inferences or because we might well have reached a different result had the matter come before us de novo. N.L.R.B. v. O. A. Fuller Super Markets, Inc., 5th Cir. 1967, 374 F.2d 197, 200; N.L.R.B. v. Camco, Inc., 5th Cir. 1966, 369 F.2d 125, 127; Oil City Brass Works v. N.L.R.B., 5th Cir. 1966, 357 F.2d 466, 469. Enforcement of the Board's petition is therefore

Granted.